IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAN KRUK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-2738-N |
| | § | |
| GEICO INSURANCE AGENCY, LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Geico Insurance Agency's ("Geico") partial motion for summary judgment [28]. For the reasons stated below, the Court grants summary judgment to Geico on all Insurance Code claims.

#### I. ORIGINS OF THE MOTION

Geico is an insurance agent that helps customers apply for insurance with other non-affiliated insurance companies. Geico does not personally issue policies or insure renters. *Waddil Decl.*, Def.'s Appx. at 5 [30-2]. Plaintiff Jan Kruk obtained a renter's insurance policy from an insurer with the help of Geico acting as insurance agent. *Id.* Kruk alleges that before submitting his insurance application, he spoke on the phone with a Geico agent who helped him fill out the application and gave him advice. *J. Kruk Depo.*, Def.'s Appx. 60–63 [30-3]. Kruk alleges that he expressed to the Geico agent that he wanted between $100,000 and $200,000 in personal property coverage, and the agent made certain promises to him that he would be covered, and he only needed to sign the form. *J. Kruk Depo.*, Def.'s Appx. 64 [30-3]; *K. Kruk Aff.*, Pl.'s Appx. 1–2 [32-3]. Kruk then signed and

MEMORANDUM OPINION AND ORDER – PAGE 1

submitted an online application for renter's insurance. *Kruk's Application*, Def.'s Appx. 2–3 [30-1].

In the application Kruk submitted, he requested personal property coverage of $20,000. *Id.* After processing Kruk's application, Geico mailed Kruk a copy of the insurance policy issued by the American Bankers Insurance Company of Florida ("American Bankers"). *Waddil Decl.*, Def.'s Appx. 4–5 [30-2]; *Kruk Depo.*, Def.'s Appx. at 67 [30-3]. The policy stated that the amount of coverage for personal property was $20,000 minus a deductible of $500. *Kruk's Policy,* Def.'s Appx. 10 [30-2-A]. There was no further communication between Kruk and Geico once the policy was issued. *J. Kruk Depo.*, Def.'s Appx. 65 [30-3]. Kruk then experienced a plumbing backup in his rental property. *J. Kruk Depo.*, Def.'s Appx. at 65 [30-3]. The backup and resulting repairs resulted in the loss of Kruk's personal property. Pl.'s Amended Complaint at ¶ 14–20 [6]. Kruk alleges that it was only when he tried file a claim for his losses through his renter's insurance that he realized that his personal property was insured for only $20,000. Pl.'s Response at 4 [32]. Kruk then filed suit against Geico, alleging misrepresentation and unfair practices in violation of the Texas Insurance Code. Pl.'s Original Petition at 3–4 [1-1]. Geico removed the case to federal court. Notice of Removal [1]. Geico now moves for summary judgment on all claims under the Texas Insurance Code.[1] Def.'s Motion [29].

---

[1] Geico's motion did not move for summary judgment on or otherwise address Kruk's claims for breach of contract or violation of the Prompt Payment of Claims Act. Accordingly, the Court treats Geico's motion as a motion for partial summary judgment solely for the claims addressed.

MEMORANDUM OPINION AND ORDER – PAGE 2

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs.*

MEMORANDUM OPINION AND ORDER – PAGE 3

*Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS SUMMARY JUDGMENT TO GEICO BECAUSE KRUK CANNOT PROVE REASONABLE RELIANCE

To prevail on a motion for summary judgment, Geico, as the movant, must show that no evidence exists in support of an essential element of Kruk's claims, thus entitling Geico to judgment as a matter of law. Geico has carried its burden to show that Kruk has failed to demonstrate a genuine issue of material fact as to his claims under the Texas Insurance Code because he cannot prove that he reasonably relied on any alleged misrepresentations made by Geico. Accordingly, Geico is entitled to judgment as a matter of law and is awarded summary judgment on all Insurance Code claims.

#### A. Reasonable Reliance Is An Essential Element of Kruk's Claims

Kruk asserts claims against Geico under the Texas Insurance Code Sections 541.061(1), 541.061(2), and 541.061(3). Section 541.061(1) provides that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by . . . (1) making an untrue statement of material fact." TEX. INS. CODE § 541.061(1). Section 541.061(2) provides that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to

MEMORANDUM OPINION AND ORDER – PAGE 4

misrepresent an insurance policy by . . . (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made." TEX. INS. CODE § 541.061(2). Section 541.061(3) provides that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by . . . (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact." TEX. INS. CODE § 541.061(3). To prevail under any of the claims under Section 541.061, a plaintiff must show not only reliance on a misrepresentation or omission but also that such reliance was reasonable. *See USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 497–98 (Tex. 2018). Texas courts have found that an insured's own mistaken belief or assumption about what a policy covers is not sufficient to show reasonable reliance. *See, e.g., Schuerger v. Farmers New World Life Ins. Co.*, 2019 WL 12150018, at *10 (W.D. Tex. 2019). Accordingly, in order to prevail on any of these claims, Kruk must have supporting facts showing that he relied reasonably on Geico's alleged misrepresentations or omissions.

### B. *Kruk Cannot Show Reasonable Reliance*

Kruk has not put forth sufficient evidence to show that he reasonably relied on any alleged misrepresentation by Geico. There is a genuine issue of material fact as to whether the alleged misrepresentation occurred. Both parties have put forth conflicting evidence about the alleged communication. *See Waddil Decl.*, Def.'s Appx. at 5 [30-2]; *J. Kruk Aff.*, Pl.'s Appx. at 1 [32-2]. However, even if a Geico agent did misrepresent to Kruk that he would be covered as desired, Kruk did not act reasonably in relying on any such

MEMORANDUM OPINION AND ORDER – PAGE 5

misrepresentation and therefore cannot prove an essential element of his claims under the Texas Insurance Code.

First, Kruk filled out his own insurance application and requested $20,000 in personal property coverage. *Kruk Application*, Def.'s Appx. at 2 [30-1]. Although Kruk alleges that he discussed the application with the Geico agent, Kruk has not provided any evidence negating that he personally filled out the application and selected only $20,000 for the amount of coverage. It is not reasonable for Kruk to believe that he would receive more coverage than he requested in his official application, regardless of what Geico allegedly represented to him.

Second, Kruk knew that he had only received $20,000 in personal property coverage. An insured has a duty to read and be familiar with the terms of his own insurance policy. *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App. — Dallas 2011, no pet.). Not only did Kruk have a duty to read the policy, but he has admitted that he did read, skim, or otherwise review the policy. *J. Kruk's Depo.*, Def.'s Appx. 69–73 [30-3]. Accordingly, Kruk is charged with knowledge of the contents of the policy, including the amount of coverage he received. Even if Kruk initially believed he elected to have more coverage based on the alleged conversation with Geico, it was no longer reasonable for him to rely on that conversation once he received the policy and saw how much coverage he had actually received.

Finally, Kruk never reached out to Geico or American Bankers to amend the personal property coverage that he alleges is incorrect. *J. Kruk Depo.*, Def.'s Appx. 68, 74 [30-3]. It is not reasonable to rely on a statement regarding coverage that is inconsistent

with the amount of coverage actually received without having ever attempted to follow up on the discrepancy.

Kruk does not have sufficient facts in his favor to allow a reasonable jury to find that he was reasonable in relying on the alleged statements made to him by the Geico agent when Kruk himself was in charge of how much coverage he selected and was aware of how much he received. Kruk cannot show that he was reasonable in relying on any misrepresentations or omissions made by Geico and therefore cannot prove an essential element of his claims under the Texas Insurance Code. Accordingly, Geico is entitled to summary judgment on these claims.

## V. Conclusion

Kruk has not produced evidence that he reasonably relied on Geico's alleged misrepresentations. Thus, it is not possible for a reasonable juror to find in favor of Kruk on his Texas Insurance Code claims, negating the purpose of trial on these issues. Accordingly, the Court grants summary judgment to Geico on all of Kruk's claims arising under the Texas Insurance Code. Kruk's claims for breach of contract and violation of the Prompt Payment of Claims Act were not addressed in Geico's motion and remain actionable.

Signed April 22, 2024.

_____
David C. Godbey
Chief United States District Judge